UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Commodity Futures Trading
Commission, et al.

    v.                                Civil No. 05-cv-210-JD

Cromwell Financial Services,
Inc., et al.

EX PARTE STATUTORY RESTRAINING ORDER CONCERNING
DOCUMENTS AND EXPEDITED DISCOVERY

The plaintiffs, the Commodity Futures Trading Commission ("Commission") and the New Hampshire Secretary of State, Bureau of Securities Regulation, have filed a complaint for permanent injunction and other relief, and moved ex parte pursuant to Section 6c of the Commodity Exchange Act, as amended (the "Act"), 7 U.S.C. § 13a-1 (2002), for a statutory restraining order prohibiting the defendants from, among other things, destroying, altering or disposing of, or refusing to permit authorized representatives of the Commission to inspect and copy, when and as requested, any books, records, electronically stored data, including computers and computer data, or other documents wherever they may be.  Additionally, the Commission seeks leave to conduct expedited discovery.

The court has considered the pleadings, declarations, exhibits and memorandum filed in support of the plaintiff's motion.  Based on the record provided by the plaintiffs, it

appears that:

(1)  this court has jurisdiction over the subject matter of this case, and Section 6c of the Act, 7 U.S.C. § 13a-1 authorizes ex parte relief;

(2) there is good cause to believe that the defendants have engaged in, are engaging in, or are about to engage in violations of the Act;

(3) this is a proper case for granting an ex parte statutory restraining order to preserve the status quo, protect public customers from loss and damage, and enable the Commission to fulfill its statutory duties, therefore the court orders as follows:

## DEFINITIONS

For the purpose of this order, the following definitions apply:

(1) The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes, but is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records (including, but not limited to floppy diskettes, hard disks, ZIP disks, CD-ROMs, optical discs, backup tapes, printer buffers, smart cards, memory calculators, pagers, personal digital assistants such as Palm Pilot computers,

as well as printouts or readouts from any magnetic storage device), and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

(2) "Defendants" means Cromwell Financial Services, Inc., Philip Tuccelli, Michael Staryk, Dennis Gee, Richard Peluchette, and Richard Astern, and any person insofar as he or she is acting in the capacity of their officer, agent, servant, employee or attorney, and any person who receives actual notice of this order by personal service or otherwise insofar as he or she is acting in concert or participating with them.

RELIEF GRANTED

I.  MAINTENANCE OF DOCUMENTS

IT IS HEREBY ORDERED that the defendants and all persons or entities who receive notice of this order by personal service or otherwise, are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing, or disposing of, in any manner, directly or indirectly, any books, records, or documents in the possession or control of the defendants, their agents, attorneys, partners, servants, representatives, employees, attorneys, any person(s) acting or

purporting to act for or on their behalf, and/or acting for or on behalf of any corporation, partnership or any other type of entity in which defendants have an interest.

II.   INSPECTION AND COPYING OF DOCUMENTS

IT IS FURTHER ORDERED that representatives of the plaintiffs be immediately allowed to inspect the books, records, and other documents of the defendants, their agents, attorneys, partners, servants, representatives, employees, any person(s) acting or purporting to act for or on their behalf, and/or any corporate, partnership or any other entity in which the defendants have an interest, wherever situated, including, but not limited to, paper documents, electronically stored data, tape recordings, and computer discs, wherever they may be situated, whether they are in the possession or control of the defendants, or the possession or control of others, and to copy said documents, data and records, either on or off the premises.

III.   EXPEDITED DISCOVERY

IT IS FURTHER ORDERED that the parties are granted leave, at any time after service of this order, to take the deposition of and demand the production of documents from any person or entity for the purpose of discovering the nature and/or location of documents reflecting the business transactions of the defendants;

forty-eight(48) hours notice shall be deemed sufficient for any such deposition and five (5) days notice shall be deemed sufficient for the production of any such documents.

IT IS FURTHER ORDERED that the limitations and conditions set forth in Federal Rule of Civil Procedure 30(a)(2)(B) regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this order.  No depositions taken pursuant to this order shall count towards the ten deposition imit set forth in Federal Rule of Civil Procedure 30(a)(2)(A).

IV.   SERVICE OF ORDER

IT IS FURTHER ORDERED that copies of this order may be served by any means, including facsimile transmission, upon any entity or person that may have possession, custody, or control of any documents of the defendants or that may be subject to any provision of this order, and additionally, that representatives of the plaintiffs are specially appointed by the court to effect service.  Service of the summons, complaint, or other process may be effected in accordance with Federal Rule of Civil Procedure 4.

V.   ORDER TO SHOW CAUSE

IT IS FURTHER ORDERED that each of the defendants shall appear before this court on the 23d day of June, 2005, at 9:00

a.m. before Magistrate Judge James Muirhead at the United States Courthouse for the District of New Hampshire in Concord, New Hampshire, to show cause why this court should not enter a preliminary injunction enjoining the defendants from further violations of the Act, and ordering any additional relief this court deems appropriate.  Should any party wish to file a memorandum of law or other papers concerning the issuance of a preliminary injunction against the defendants, such materials shall be filed, served, and received by the parties on or before 4:00 p.m. on June 20, 2005.

VI.   FORCE AND EFFECT

IT IS FURTHER ORDERED that this order shall remain in full force and effect until further order of this court, and that this court shall retain jurisdiction of this matter for all purposes.

SO ORDERED.

_Joseph A. DiClerico, Jr._
Joseph A. DiClerico, Jr.
United States District Judge

June 13, 2005

cc:  Joseph A. Konizeski, Esquire
     Melanie M. Bell-Harrington, Esquire