U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

'05 JUN 21 PM 3 23

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

COMMODITY FUTURES TRADING
COMMISSION, and
NEW HAMPSHIRE DEPARTMENT OF
STATE, BUREAU OF SECURITIES
REGULATION

                  Plaintiffs,

v.

CROMWELL FINANCIAL SERVICES, INC.,
PHILLIP TUCELLI, MICHAEL STARYK,
DENNIS GEE, RICHARD PELUCHETTE,
and RICHARD ASTERN,

                  Defendants.

Civil Action No. 1:05-CV-00210

## CONSENT ORDER GRANTING
## PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF

Plaintiffs, the Commodity Futures Trading Commission and the New Hampshire Secretary of State, Bureau of Securities Regulation, have filed a Complaint against Defendants Cromwell Financial Services, Inc., Philip Tuccelli, Michael Staryk, Dennis Gee, Richard Peluchette and Richard Astern ("Defendants" collectively) seeking injunctive and other equitable relief for violations of the Commodity Exchange Act ("Act"), as amended, 7 U.S.C. §§ 1 *et. seq.* (2002) and the Commission's Regulations promulgated thereunder ("Regulations"), 17 C.F.R. §§ 1 *et seq.* (2004)

Defendants, without admitting or denying the allegations of the Complaint for the purpose of this Consent Order of Preliminary Injunction and Other Equitable Relief ("Order"), but admitting to allegations referring to jurisdiction and venue for purposes of this

Order only, consent to the entry of this Order and state that this Order is entered into voluntarily and that no promise or threat has been made by the Commission or any member, officer, agent or representative thereof, to induce them to consent in this Order. This consent is given without any waiver of any defense that Defendants may have to this action, including but not limited to a defense of lack of jurisdiction or improper venue. Defendants have agreed to consent to the following preliminary injunction to be entered in this matter:

## DEFINITIONS

For the purposes of this Preliminary Injunction, the following definitions apply:

The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes, but is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records (including, but not limited to, floppy diskettes, hard disks, ZIP disks, CD-ROMs, optical discs, backup tapes, printer buffers, smart cards, memory calculators, pagers, personal digital assistants such as Palm Pilot computers, as well as printouts or readouts from any magnetic storage device), and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

"Defendants" means Cromwell Financial Services, Inc., Philip Tuccelli, Michael Staryk, Dennis Gee, Richard Peluchette, and Richard Astern, and any person insofar as he or she is acting in the capacity of their officer, agent, servant, employee or attorney, and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participating with them.

### I.   Jurisdiction and Venue

**THE PARTIES AGREE AND IT IS FURTHER ORDERED THAT:**

For purposes of this Order only:

This Court has jurisdiction over the subject matter of this action and all parties hereto pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2002), which authorizes the Commission to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C § 1.13a-1(e) (2002), in that Defendants are found, are inhabitants of, or transact business in this district, or the acts and practices in violation of the Act have occurred, are occurring or are about to occur within this district.

### II.   Relief Granted

**THE PARTIES AGREE AND IT IS FURTHER ORDERED THAT:**

Defendants and all persons insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of Defendants, and all persons insofar as they are acting in active concert or participation with Defendants who receive actual notice of this order by personal service or otherwise, including service by facsimile or other transmission, shall be prohibited and restrained from directly or indirectly:

Cheating, defrauding, or deceiving, or attempting to cheat, defraud, or deceive, any person in or in connection with an offer to enter into, the entry into, the confirmation of the execution of, or the maintenance of, commodity option transactions in violation of Section 4c(b)

of the Act, 7 U.S.C. § 6c(b), and Commission Regulations and 32.9(a) and (c), 17 C.F.R. §§ 32.9(a) and (c) (2004);

Failing to diligently supervise the handling by Defendants' partners, officers, employees and agents (or persons occupying a similar status or performing a similar function) of all commodity interest accounts carried, operated, advised or introduced by Defendants and all other activities of Defendants' partners, officers, employees and agents (or persons occupying a similar status or performing a similar function) relating to Defendants' business in violation of Commission Regulation 166.3, 17 C.F.R. § 166.3 (2004);

Directly or indirectly destroying, mutilating, erasing, altering, concealing, or disposing of, in any manner, directly or indirectly, any books, records or documents in the possession or control of the defendants, their agents, attorneys, partners, servants, representatives, employees, attorneys, any person (s) acting or purporting to act for or on their behalf, and/or acting for or on behalf of any corporation, partnership or any other type of entity in which defendants have an interest.

### III. Force and Effect

**THE PARTIES AGREE AND IT IS FURTHER ORDERED THAT:**

This Order shall remain in full force and effect until further order of this Court, and that this Court retains jurisdiction of this matter for purposes of this Order. The parties further agree that this Order shall not be deemed to establish any fact and may not be used or introduced in any other proceeding, including, but not limited to, actions under § 8a(2)(C) of the Act, for any purpose, except by this Court to enforce this Order in conjunction with its terms. Nothing in this Order shall constitute a waiver of any defense available to Defendants with respect to this action, including, but not limited to, a defense of lack of jurisdiction or improper venue.

## IV.  Bond Not Required of Plaintiff

**THE PARTIES AGREE AND IT IS FURTHER ORDERED THAT:**

Plaintiff Commission is an agency of the United States of America and, accordingly, no bond need be posted by the Commission.

SO ORDERED, this 21st day of June, 2005, at Concord, New Hampshire.

*Joseph A. DiClerico*
~~HONORABLE JAMES MUIRHEAD~~
U.S. ~~MAGISTRATE~~ JUDGE
DISTRICT OF NEW HAMPSHIRE

_____/s/ Philip Tuccelli_____
Philip Tuccelli, individually and on behalf of
Cromwell Financial Services, Inc.


_____/s/ Michael Staryk III_____
Michael Staryk III


_____/s/ Dennis R. Gee_____
Dennis Gee


_____/s/ Richard Peluchette_____
Richard Peluchette


_____/s/ Richard Astern_____
Richard Astern

_____/s/ Joseph Konizeski_____
Joseph Konizeski
Timothy Mulreany
Paul Hayeck
ATTORNEYS FOR PLAINTIFF
COMMODITY FUTURES TRADING
COMMISSION
1155 21st Street N.W.
Washington, D.C. 20581
(202)418-5523 (facsimile)

_____/s/ Melanie Bell_____
Melanie Bell
Jeffrey Spill
ATTORNEY FOR PLAINTIFF
NEW HAMPSHIRE STATE BUREAU
OF SECURITIES REGULATION
State House Room 204
Concord, New Hampshire, 03301-4989
(603)271-7933 (facsimile)

Approved as to Form:


___/s/ R. Lawrence Bonner_____
R. Lawrence Bonner
Erik B. Weinick
Homer & Bonner, P.A.
1441 Brickell Avenue
Suite 1200
Miami, FL  33131
(305) 350-5100 (phone)
(305) 982-0060 (fax)
Attorneys for Defendants Cromwell Financial Services, Inc.,
Philip Tuccelli, Michael Staryk, Dennis Gee, Richard Peluchette
and Richard Astern